Rick L. Rose (5140)
Blake M. Biddulph (15541)
**RAY QUINNEY & NEBEKER PC**
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah 84111
Telephone: (801) 532-1500
Facsimile: (801) 532-7543
rrose@rqn.com
bbiddulph@rqn.com

*Attorneys for Defendant ThyssenKrupp Elevator Corporation*

**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| LORI GILBERT, as administrator of the Estate of MICHAEL GILBERT, deceased; MARY GILBERT, heir of MICHAEL GILBERT, by and through her mother and natural guardian LORI GILBERT; LORI GILBERT, individually, as heir of MICHAEL GILBERT; ALVIN GILBERT, individually, as heir of MICHAEL GILBERT; MIKE E. GILBERT, individually, as heir of MICHAEL GILBERT; and SEAN GILBERT, individually, as heir of MICHAEL GILBERT,<br><br>Plaintiffs,<br><br>v.<br><br>CEREAL FOOD PROCESSORS, INC., a Kansas corporation; GRAIN CRAFT, INC., a Georgia corporation, THYSSEN KRUPP ELEVATOR CORPORATION, a Delaware Corporation; JOHN DOES 1 – 20; and BLACK AND WHITE CORPORATIONS 1 – 20,<br><br>Defendants. | **ANSWER**<br><br>Case No.: 2:16-CV-00894-EJF<br><br>Magistrate Judge Evelyn J. Furse |

Defendant ThyssenKrupp Elevator Corporation ("TKE") hereby responds to Plaintiffs' Complaint as follows:

**PARTIES**

1 – 12. TKE lacks sufficient knowledge and information to either admit or deny the allegations in paragraphs 1 through 12 and on that basis, denies the same.

13. TKE admits the allegations in paragraph 13.

**JURISDICTION & VENUE**

14. TKE lacks sufficient knowledge and information to either admit or deny the allegations in paragraph 14 and on that basis, denies the same.

15. The allegations in paragraph 15 call for a legal conclusion and, therefore, no response is required. To the extent a response is required, TKE denies the same.

16. TKE admits only that in paragraph 16 Plaintiffs have alleged their damages qualify under Tier 3 pursuant to Utah R. Civ. P. 26(c)(3) but denies that there is any legal or factual basis for their claims against TKE.

**FACTS**

17 – 18. TKE lacks sufficient knowledge and information to either admit or deny the allegations in paragraphs 17 and 18 and on that basis, denies the same.

**THE INCIDENT**

19 – 57. TKE lacks sufficient knowledge and information to either admit or deny the allegations in paragraphs 19 through 57 and on that basis, denies the same.

58 – 62. TKE denies the allegations in paragraphs 58 through 62.

**FIRST CLAIM FOR RELIEF (AGAINST CFP AND GRAIN CRAFT)**

63. TKE reasserts and realleges its answers to paragraphs 1 through 62 above, as if set forth fully herein.

64 – 72. The allegations in paragraphs 64 through 72 are not directed towards TKE and no response is therefore required. To the extent a response is required, TKE denies the same.

**SECOND CLAIM FOR RELIEF (AGAINST CFP AND GRAIN CRAFT)**

73. TKE reasserts and realleges its answers to paragraphs 1 through 72 above, as if set forth fully herein.

74 – 78. The allegations in paragraphs 74 through 78 are not directed towards TKE and no response is therefore required. To the extent a response is required, TKE denies the same.

**THIRD CLAIM FOR RELIEF (AGAINST CFP AND GRAIN CRAFT)**

79. TKE reasserts and realleges its answers to paragraphs 1 through 78 above, as if set forth fully herein.

80 – 83. The allegations in paragraphs 80 through 83 are not directed towards TKE and no response is therefore required. To the extent a response is required, TKE denies the same.

**FOURTH CLAIM FOR RELIEF (AGAINST THYSSEN KRUPP)**

84. TKE reasserts and realleges its answers to paragraphs 1 through 83 above, as if set forth fully herein.

85 – 91. TKE denies the allegations in paragraphs 85 through 91.

**FIFTH CLAIM FOR RELIEF (AGAINST THYSSEN KRUPP)**

92. TKE reasserts and realleges its answers to paragraphs 1 through 91 above, as if set forth fully herein.

93 – 95. TKE denies the allegations in paragraphs 93 through 95.

**SIXTH CLAIM FOR RELIEF (AGAINST THYSSEN KRUPP)**

96. TKE reasserts and realleges its answers to paragraphs 1 through 95 above, as if set forth fully herein.

97 – 103. TKE denies the allegations in paragraphs 97 through 103.

**RESPONSE TO PRAYER FOR RELIEF**

TKE denies that Plaintiffs are entitled to damages as set forth in paragraph 4 through 7 of the Prayer for Relief. Paragraphs 1 through 3 of the complaint are not directed at TKE and therefore no response is required. To the extent a response is required, TKE denies that Plaintiffs are entitled to the same.

**FIRST AFFIRMATIVE DEFENSE**

Plaintiffs' Complaint fails to state a claim upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

If Plaintiffs suffered damages as set forth in their Complaint, their causes of action are barred or limited by application of comparative fault principles as set forth in Utah Code Ann. §§ 78B-5-817 to 22.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiffs' injuries and damages, if any, were caused by or contributed to by the acts and failures to act of persons or entities other than TKE and for whom TKE cannot be held liable, including the named co-defendants, and these parties should be placed on the special verdict form for purposes of apportionment of fault as permitted by the Utah Liability Reform Act, Utah Code Ann. §§ 78B-5-817, *et seq.*

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiffs' recovery, if any, shall be barred if Michael Gilbert is found to be at least fifty percent at fault as compared to the negligence or fault of Defendants, if any. In the alternative, Defendants are entitled to a reduction in damages based on the percentage of Plaintiffs' negligence or fault pursuant to Utah Code Ann. §§ 78B-5-817, *et seq*.

**FIFTH AFFIRMATIVE DEFENSE**

If Plaintiffs sustained any injury or incurred any loss or damage as alleged in the Complaint, said injury or damage resulted in whole or in part from an intervening or superseding cause or causes, and any action on the part of TKE was not the proximate or competent producing cause of Plaintiffs' alleged injuries.

**SIXTH AFFIRMATIVE DEFENSE**

Any injuries, damages, or losses sustained by Plaintiffs were caused in whole or in part by preexisting conditions, for which TKE bears no legal responsibility or liability.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs' negligence claim is barred because TKE did not owe Michael Gilbert a duty of care under the circumstances.

**EIGHTH AFFIRMATIVE DEFENSE**

If there was a duty to warn of the alleged hazard, it was the responsibility of some other person, corporation, or entity.

**NINTH AFFIRMATIVE DEFENSE**

If Plaintiffs sustained injuries or incurred damages and expenses as alleged, their injuries or damages were caused by a modification, alteration, or misuse of the elevator in question.

**TENTH AFFIRMATIVE DEFENSE**

At the time of the incident, the elevator was allegedly over 90 years old and had not been substantially modified or altered since it was originally installed.

**ELEVENTH AFFIRMATIVE DEFENSE**

At all times relevant to Plaintiffs' claims against TKE, TKE conformed its conduct to all applicable, accepted procedures and professional standards.

**TWELFTH AFFIRMATIVE DEFENSE**

TKE was not the owner or operator of the elevator at the time of the incident.

**THIRTEENTH AFFIRMATIVE DEFENSE**

TKE was not in possession or control of the elevator at the time of the incident.

**FOURTEENTH AFFIRMATIVE DEFENSE**

The incident could have still occurred in the absence of any negligence by TKE.

**FIFTEENTH AFFIRMATIVE DEFENSE**

The elevator passed all state-required code and other inspections reasonably prior to the incident.

**SIXTEENTH AFFIRMATIVE DEFENSE**

In the event a verdict is recovered against TKE by Plaintiffs, TKE may be entitled to a setoff, or credit, before entry of judgment to the extent Plaintiffs have been compensated by any source for which offset should be allowed pursuant to Utah law.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred in whole or in part because Plaintiffs are not the intended beneficiary of an agreement, if any, between the defendants.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

If there was a maintenance contract in place, TKE fulfilled all of its duties and obligations under the contract as related to the incident described by Plaintiffs.

**NINETEENTH AFFIRMATIVE DEFENSE**

Plaintiff has failed to allege facts sufficient to support either equitable relief or an award of punitive damages.

**TWENTIETH AFFIRMATIVE DEFENSE**

Plaintiffs' claim for punitive damages is unconstitutional under the Constitutions of the United States of America and the State of Utah.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred to the extent Plaintiffs failed to join necessary or indispensable parties.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred to the extent Plaintiffs failed to avoid or mitigate their damages.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

Plaintiffs' claims may be barred by the Economic Loss Rule.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

Plaintiffs' recovery is barred, diminished, reduced, or offset under the principles of assumption of the risk and/or informed consent.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims may be barred by one or more of the following affirmative defenses: fraud, release, waiver, estoppel, justification, excuse, and/or privilege.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

TKE reserves the right to amend its Answer if, during the process of discovery, such discovery establishes a basis for additional affirmative defenses.

**NOTICE AND CROSS-CLAIM FOR APPORTIONMENT OF FAULT**

Pursuant to Utah Code Ann. §§ 78B-5-817 *et seq.* and Rule 9 of the Utah Rules of Civil Procedure, TKE hereby provides notice of its intent to seek apportionment of fault on a special verdict form to the named codefendants – Cereal Food Processors, Inc. and Grain Craft, Inc. The basis for TKE's notice of intent with respect to the codefendants is alleged by and in the Complaint. TKE hereby provides notice of its intent, depending on discovery, to potentially seek apportionment of fault to other persons and entities as discovery progresses. TKE reserves the right to supplement and/or amend this notice as additional facts are revealed during the course of

discovery. Pursuant to Rule 9(1), TKE reserves the right to supplement and/or amend this notice up to 90 days prior to trial.

WHEREFORE, TKE prays that Plaintiffs' Complaint be dismissed, that it recover its attorneys' fees and costs incurred in defending this action, and for such other and further relief as the Court deems proper.

DATED this 2nd day of September, 2016.

RAY QUINNEY & NEBEKER P.C.

/s/ Blake M. Biddulph
Rick L. Rose
Blake M. Biddulph

*Attorneys for Defendant ThyssenKrupp Elevator Corporation*

1384561

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of September, 2016, I electronically filed the foregoing **ANSWER** with the Clerk of Court using the CM/ECF system which sent notification of such filing to the following:

Randall K. Edwards
**RANDALL K. EDWARDS PLLC**
136 South Main Street, Suite 700
Salt Lake City, UT 84101
randall@randallkedwards.com

Jeanne D. Marshall
**JEANNE D. MARSHALL PLLC**
136 South Main Street, Suite 700
Salt Lake City, UT 84101
jeanne.d.marshall@gmail.com

Geoffrey C. Haslam
Tyler V. Snow
**CHRISTENSEN & JENSEN PC**
257 East 200 South, Suite 11000
Salt Lake City, UT 84111
geoffrey.haslam@chrisjen.com
tyler.snow@chrisjen.com

/s/ Kelly D. Pickering
Kelly D. Pickering

1384561